# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

LISA MARIE BARNES,

                    1:16-cv-09110-NLH

              Plaintiff,

                    **OPINION**

v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

---

**APPEARANCES:**

LISA MARIE BARNES
1324 SONGBIRD LANE
MAYS LANDING, NJ 08330
    Appearing pro se

TIMOTHY PATRICK REILEY
SOCIAL SECURITY ADMINISTRATION REGION III
OFFICE OF THE GENERAL COUNSEL
P.O. BOX 41777
PHILADELPHIA, PA 19101
    On behalf of Defendant

**HILLMAN**, District Judge

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. 42 U.S.C. § 401, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of

disability, March 14, 2014.  For the reasons stated below,

this Court will affirm that decision.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

On March 14, 2014, Plaintiff, Lisa Marie Barnes,[1]

protectively filed an application for SSI, initially alleging

that she became disabled on October 1, 2008.[2]  Plaintiff claims

that she can no longer work as a preschool teacher because she

suffers from degenerative disc disease, scoliosis, and

hypertension.

Plaintiff's claim was denied at the initial level and

then again on reconsideration.  A hearing was held before an

ALJ on October 19, 2015, and the ALJ issued an unfavorable

decision on February 23, 2016.  Plaintiff filed a Request for

Review by the Appeals Council, which denied her request on

---

[1] Plaintiff is proceeding pro se in her appeal.  Plaintiff was
represented by counsel at the hearing before the ALJ.

[2] Even though Plaintiff contends that her onset date of
disability is October 1, 2008, the relevant period for
Plaintiff's SSI claim begins with her March 14, 2014
application date, through the date of the ALJ's decision on
February 23, 2016.  <u>See</u> 20 C.F.R. § 416.202 (claimant is not
eligible for SSI until, among other factors, the date on which
she files an application for SSI benefits); 20 C.F.R. §
416.501 (claimant may not be paid for SSI for any time period
that predates the first month she satisfies the eligibility
requirements, which cannot predate the date on which an
application was filed).

July 6, 2016, rendering the ALJ's decision the final decision
of the Commissioner.  Plaintiff brings this civil action for
review of the Commissioner's decision.

**II.  DISCUSSION**

  **A.  Standard of Review**

  Under 42 U.S.C. § 405(g), Congress provided for judicial
review of the Commissioner's decision to deny a complainant's
application for social security benefits.  Ventura v. Shalala,
55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must
uphold the Commissioner's factual decisions where they are
supported by "substantial evidence."  42 U.S.C. §§ 405(g),
1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.
2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000);
Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).
Substantial evidence means more than "a mere scintilla."
Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting
Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).
It means "such relevant evidence as a reasonable mind might
accept as adequate to support a conclusion."  Id.  The inquiry
is not whether the reviewing court would have made the same
determination, but whether the Commissioner's conclusion was
reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir.

1988).

A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).  Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful

court review:

> Unless the [Commissioner] has analyzed all
> evidence and has sufficiently explained
> the weight he has given to obviously
> probative exhibits, to say that his
> decision is supported by substantial
> evidence approaches an abdication of the
> court's duty to scrutinize the record as a
> whole to determine whether the conclusions
> reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although

an ALJ, as the fact finder, must consider and evaluate the

medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here

is no requirement that the ALJ discuss in its opinion every

tidbit of evidence included in the record," Hur v. Barnhart,

94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial

review, a district court is not "empowered to weigh the

evidence or substitute its conclusions for those of the fact-

finder." Williams, 970 F.2d at 1182.  However, apart from the

substantial evidence inquiry, a reviewing court is entitled to

satisfy itself that the Commissioner arrived at his decision

by application of the proper legal standards.  Sykes, 228 F.3d

at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir.

1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.    Standard for Disability Benefits**

The Social Security Act defines "disability" for purposes

of an entitlement to a period of disability and disability
insurance benefits as the inability to engage in any
substantial gainful activity by reason of any medically
determinable physical or mental impairment which can be
expected to result in death, or which has lasted or can be
expected to last for a continuous period of not less than 12
months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this
definition, a Plaintiff qualifies as disabled only if her
physical or mental impairments are of such severity that she
is not only unable to perform her past relevant work, but
cannot, given her age, education, and work experience, engage
in any other type of substantial gainful work which exists in
the national economy, regardless of whether such work exists
in the immediate area in which she lives, or whether a
specific job vacancy exists for her, or whether she would be
hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B)
(emphasis added).

The Commissioner has promulgated regulations[3] for
determining disability that require application of a five-step

_____

[3] The regulations were amended for various provisions effective
March 27, 2017.  See 82 F.R. 5844.  Because the ALJ issued his
decision prior to that effective date, the Court must employ
the standards in effect at the time of his decision.

sequential analysis.  See 20 C.F.R. § 404.1520.  This five-

step process is summarized as follows:

1.  If the claimant currently is engaged in substantial
    gainful employment, she will be found "not
    disabled."

2.  If the claimant does not suffer from a "severe
    impairment," she will be found "not disabled."

3.  If the severe impairment meets or equals a listed
    impairment in 20 C.F.R. Part 404, Subpart P,
    Appendix 1 and has lasted or is expected to last for
    a continuous period of at least twelve months, the
    claimant will be found "disabled."

4.  If the claimant can still perform work she has done
    in the past ("past relevant work") despite the
    severe impairment, she will be found "not disabled."

5.  Finally, the Commissioner will consider the
    claimant's ability to perform work ("residual
    functional capacity"), age, education, and past work
    experience to determine whether or not she is
    capable of performing other work which exists in the
    national economy.  If she is incapable, she will be
    found "disabled."  If she is capable, she will be
    found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is

therefore dependent upon a finding that the claimant is

incapable of performing work in the national economy.

     This five-step process involves a shifting burden of

proof.  See Wallace v. Secretary of Health & Human Servs., 722

F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps of

the analysis, the burden is on the claimant to prove every

7

element of her claim by a preponderance of the evidence.  See
id.  In the final step, the Commissioner bears the burden of
proving that work is available for the Plaintiff: "Once a
claimant has proved that he is unable to perform his former
job, the burden shifts to the Commissioner to prove that there
is some other kind of substantial gainful employment he is
able to perform."  Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir.
1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir.
1983).

### C.   Analysis

At step one, the ALJ found that Plaintiff has not engaged
in substantial gainful activity since the alleged onset of
disability.  At step two, the ALJ found that Plaintiff's
impairments of degenerative disc disease, scoliosis, and
hypertension were severe.  At step three, the ALJ determined
that Plaintiff's severe impairments or her severe impairments
in combination with her other impairments did not equal the
severity of one of the listed impairments.  The ALJ then
determined that Plaintiff was not capable of performing her
previous job as a preschool teacher, but Plaintiff retained
the residual functional capacity ("RFC") to perform light,
unskilled work in jobs such as an information clerk, router,

and office helper (steps four and five).

Plaintiff, a mother of a school-age child, claims in her complaint and brief in support of her appeal that she suffers from all-over back pain, excruciating pain from her "tailbones" rubbing together due to loss of cartilage, and extreme anxiety which produces panic attacks where she feels like she is going to die. Plaintiff claims that she has been fighting for SSI for almost five years, she is unable to work, and she is drowning financially. Plaintiff asks for human empathy and understanding, and for the Court to order the Commissioner to provide her with SSI benefits.

Plaintiff, however, does not pinpoint where she contends the ALJ erred in his decision, or which of the ALJ's determinations are not supported by substantial evidence. The Court's review of the ALJ's decision observes that he first determined which of her impairments were severe, and whether any of her impairments met the listings at step three. Next, the ALJ detailed Plaintiff's complaints of pain and her limitations from her testimony and self-completed reports. He then recounted the medical evidence of both treating and non-treating sources. Based on a combination of Plaintiff's testimony and the medical evidence, the ALJ articulated why he

credited certain subjective complaints and medical findings over others. Following that assessment of the evidence, the ALJ determined Plaintiff's RFC, which rendered her able to perform light, unskilled work.

From there, the ALJ engaged a vocational expert to identify if there were jobs in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. Based on the testimony of the VE, the ALJ concluded that Plaintiff was capable of making a successful adjustment to other work which exists in significant numbers in the national economy. The Court cannot find that the ALJ faltered in any of these steps.

As we have noted above, the Plaintiff does not make any specific contentions as to where the ALJ erred and this Court own independent review finds no error. On the contrary, the Court's review of the ALJ's decision finds that the ALJ properly followed the standards set forth above, and that the ALJ's decision was supported by substantial evidence.

The Court notes that Plaintiff's brief recounts that on August 22, 2017, she slipped on water and fell at a Target store. Plaintiff relates that this fall resulted in a sprained left knee and ankle, and caused further trauma to her

chronic back pain, along with two new tears in her right shoulder. Plaintiff states that after two months of physical therapy she is not getting better, and that an orthopedic specialist has determined that she needs to undergo surgery to repair her shoulder. Plaintiff contends that she is in even more pain, is experiencing more anxiety, and is in a "dazed state" from her medication.

The Court's review of the denial of Plaintiff's SSI benefits is limited, however, to the relevant time period assessed by the ALJ — March 14, 2014 through February 23, 2016. Plaintiff's fall that occurred on August 22, 2017 is well outside of that time frame, and the Court cannot independently assess whether Plaintiff's subsequent impairments would now render her disabled.[4] Thus, even though the Court is not without empathy for Plaintiff and recognizes

---

[4] As the Commissioner points out in her brief, Plaintiff is not without options to seek disability benefits. The Social Security Regulations permit Plaintiff to file a new, subsequent application for a condition which has worsened after the relevant period. See, e.g., SSR 11-1P (explaining that a claimant is not allowed to have two claims for the same type of benefits pending at the same time, but that rule does not preclude a claimant from reporting new medical conditions or a worsening in her existing medical conditions); id. (explaining that a claimant may file a subsequent claim under a different title or for a different benefit type at any time, even when an appeal is pending).

her so far unsuccessful efforts to obtain disability benefits, the Court is constrained to properly apply the law, which compels the affirmance of the ALJ's decision.

## III. Conclusion

This Court may not second guess the ALJ's conclusions, but may only determine whether substantial evidence supports the ALJ's determinations. Hartzell v. Astrue, 741 F. Supp. 2d 645, 647 (D.N.J. 2010) (citing Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)) (explaining that the pinnacle legal principal that applies to the assessment of all of the other standards: A district court is not empowered to weigh the evidence or substitute its conclusions for those of the ALJ). Plaintiff has not pointed to any errors in the ALJ's determination that Plaintiff was not totally disabled as of March 14, 2014, and the Court's review of the ALJ's decision finds that it is supported by substantial evidence. The decision of the ALJ is therefore affirmed.

An accompanying Order will be issued.


Date: March 27, 2018                    s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.